**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AYME MEDINA ROJAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2309-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Ayme Medina Rojas' Petition for a Writ of Habeas Corpus, ECF No. 1. Medina Rojas is held in immigration detention at the ERO El Paso Camp East Montana in El Paso, Texas. Pet. ¶¶ 2, 5. She argues that her detention is unlawful on constitutional due process grounds and asks the Court to order her release. *Id.* ¶¶ 18–32.

Medina Rojas, a citizen of Cuba, entered the United States near Hidalgo, Texas on or about August 11, 2022, and was released the same day on an Order of Release on Recognizance. Pet. ¶ 2; *id.* Ex. B, at 5–7, ECF No. 1-1; Resp. 9, ECF No. 3. Medina Rojas does not have a final removal order as she has a pending adjustment of status application open with United States Citizenship and Immigration Services, because she is married to a longtime permanent resident. *See id.* ¶ 2; *id.* Ex. C, ECF No. 1-1; *see also* Resp. 9–10. However, she was detained on or about August 31, 2026. Resp. 9. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Medina Rojas's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 3–4. The Court thus asked

Respondents to engage with its prior decisions and "explain whether the facts of Medina Rojas's case warrant a different outcome." *Id.* at 4.

On September 17, 2026, Respondents filed their Response, in which they argue that Medina Rojas's case must be dismissed following *Buenrostro-Mendez v. Bondi*, 166 F.4th -494 (5th Cir. 2026). Resp. 1. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Medina Rojas's procedural due process claim. Resp. 1–7.

Medina Rojas's Petition challenges her detention without an opportunity for a meaningful individualized custody determination as unlawful on constitutional due process grounds. *See* Pet. ¶¶ 18–37. Medina Rojas explicitly concedes the statutory argument. Pet. ¶ 17. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' latter argument that

*Sosnava Rodriguez* bars consideration of Medina Rojas's claim, Resp. 1–7, the Court rejects those arguments for the reasons stated in its Show Cause Order.[1] *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–29, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Medina Rojas's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Medina Rojas's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to

---

[1] Respondents also argue that the stay order entered in *Tolentino-Rodriguez v. Blanche* clarifies that *Sosnava Rodriguez* applies to "all cases in the Fifth Circuit cases [sic] involving habeas litigation surrounding mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and due process concerns." Resp. 6–7; *see also* Order, *Tolentino-Rodriguez v. Blanche,* No. 26-20424 (5th Cir. Aug. 27, 2026), ECF No. 32-1. But the order in *Tolentino-Rodriguez*, as in *Sosnava Rodriguez*, offers no explanation. If anything, the stay of the district courts' judgments in *Tolentino-Rodriguez* further undermines Respondents' argument that the *Sosnava Rodriguez* court intended to stay all immigration habeas proceedings throughout the Fifth Circuit. It shows, instead, that such stays must be requested and adjudicated ad hoc considering the particular circumstances of each case.

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 9–10, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Medina Rojas's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before September 25, 2026**, Respondents shall either: (1) provide Medina Rojas with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Medina Rojas's continued detention; or (2) release Medina Rojas from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 25, 2026**, Respondents shall **FILE** notice informing the Court whether Medina Rojas has been released from custody. If Medina Rojas has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Medina Rojas is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the September 25, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

---

[3] As to Medina Rojas's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**SO ORDERED**.

**SIGNED this 18th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE